IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ANGELO MARCELLUS IRVING,

    Petitioner,

v.                                                            Civil Action No. 3:14CV571

HAROLD W. CLARKE,

    Respondent.

## MEMORANDUM OPINION

Angelo Marcellus Irving, a Virginia inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2254 (hereinafter, "§ 2254 Petition," ECF No. 1). Respondent has moved to dismiss (ECF No. 7) and the Magistrate Judge recommended that the Court grant the Motion to Dismiss. Irving filed Objections. For the reasons that follow, Irving's Objections will be OVERRULED and Respondent's Motion to Dismiss will be GRANTED.

### I.    BACKGROUND

The Magistrate Judge made the following findings and recommendation:

#### A.    Procedural History

> In 1984, the Circuit Court of the County of Caroline ("Circuit Court") convicted Irving of armed robbery and use of a firearm in the commission of a felony. (Mem. Supp. Mot. Dismiss Ex. 1, at 1.) The Circuit Court sentenced Irving to fifteen (15) years of imprisonment. (*Id.*) Irving did not appeal.
> Thereafter, Irving filed a Motion to Declare Void the Convictions and Sentencing Order in the Circuit Court. *See Irving v. Commonwealth*, No. CL10000476-01, at 1 (Va. Cir. Ct. Jan. 31, 2013). On December 22, 2010, the Circuit Court denied that motion. *Id.* Irving appealed. The Supreme Court of Virginia refused Irving's petition for appeal. *Id.* at 1-2. (citations omitted).
> On October 25, 2012, Irving filed a Motion to Vacate Void Order in the Circuit Court. *Id.* at 2. On January 31, 2013, the Circuit Court denied that motion. *Id.* at 7-8. Irving appealed. On August 23, 2013, the Supreme Court of Virginia refused Irving's petition for appeal. *Irving v. Commonwealth*, No. 130449, at 1 (Va. Aug. 23, 2013).
> On December 5, 2013, Irving filed a petition for a writ of habeas corpus with the Supreme Court of Virginia. Petition for Writ of Habeas Corpus at 1,

*Irving v. Dir. of the Dep't of Corr.*, No. 131906, at 1 (Va. filed Dec. 5, 2013). On March 27, 2014, the Supreme Court of Virginia dismissed Irving's petition for a writ of habeas corpus. *Irving v. Dir. of the Dep't of Corr.*, No. 131906, at 1 (Va. Mar. 27, 2014).

On August 6, 2014,[1] Irving filed his § 2254 Petition. Irving demands relief upon the following grounds:

| | |
|---|---|
| Claim One | "The Circuit Court . . . has denied Irving due process . . . upon the Motion to Vacate. The trial court abused its discretion [by construing] the Motion to Vacate . . . as a habeas corpus petition . . . ." (§ 2254 Pet. 6.) |
| Claim Two | "The Supreme Court of Virginia has upheld and furthered the denial of Irving's right[s]" by denying Irving's petition for a writ of habeas corpus. (*Id.* at 7-8.) |

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "[C]laims of error occurring in a state post-conviction proceeding cannot serve as a basis for federal habeas corpus relief." *Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir. 1988) (citing cases). This is so because inmates such as Irving are detained as a result of the underlying state conviction, not the state collateral proceeding. *See Lawrence v. Branker*, 517 F.3d 700, 717 (4th Cir. 2008). As Irving fails to raise a challenge to his underlying convictions, he fails to state any basis for federal habeas relief. Accordingly, it is RECOMMENDED that Claims One and Two be DISMISSED.

(Report and Recommendation entered May 19, 2015 (alterations in original).)

## II. STANDARD OF REVIEW FOR REPORT AND RECOMMENDATION

"The magistrate makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court." *Estrada v. Witkowski*, 816 F. Supp. 408, 410 (D.S.C. 1993) (citing *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976)). This Court "shall make a de novo determination of those portions

---

[1] This is the date Irving placed the § 2254 Petition in the prison mailing system and, hence, the filed date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). The Court corrects the capitalization and punctuation in the quotations to Irving's submissions.

2

of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). "The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 140, 147 (1985). When reviewing the magistrate's recommendation, this Court "may also receive further evidence." 28 U.S.C. § 636(b)(1).

### III. IRVING'S OBJECTIONS

In his first objection, Irving complains that the Respondent failed to file a proper response to § 2254 Petition, because, for example, "Respondent has not produced [the] trial records." (Objs. ¶ 6.) The state courts' records were not necessary to evaluate Irving's § 2254 Petition because, as noted by the Magistrate Judge, Irving failed to state a cognizable claim for federal habeas corpus relief. Accordingly, Irving's first objection will be OVERRULED.

In his second objection, Irving complains that although the Magistrate Judge recommended granting the Respondent's Motion to Dismiss, the Respondent did not specifically argue that Irving failed to state a cognizable basis for federal habeas corpus relief. (*Id.* ¶ 14.) Although the Respondent failed to cite the authority stated in the Report and Recommendation, the Respondent argued that the § 2254 Petition should be dismissed because Irving does not raise a federal issue and "challenges only the state court's dismissal of his motion to vacate." (Mem. Supp. Mot. Dismiss 8.) Moreover, the Court is not limited solely to the arguments explicitly raised by Respondent in its Motion to Dismiss. Rather, the Court may summarily dismiss a § 2254 Petition where "the petition and attached exhibits plainly show that the petitioner is entitled to no relief." *Sledge v. Moore*, No. 88-6073, 1989 WL 74912, at *1 (4th Cir. June 30, 1989) (citation omitted). That is the case here. Irving's second objection will be OVERRULED.

## III. CONCLUSION

Irving's objections will be OVERRULED. The Report and Recommendation will be ACCEPTED and ADOPTED. The Motion to Dismiss (ECF No. 7) will be GRANTED. Irving's claims and the action will be DISMISSED. A certificate of appealability will be DENIED.[2]

An appropriate Final Order will accompany this Memorandum Opinion.

Date: 7/16/15
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(a). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Irving fails to meet this standard. Accordingly, the Court will deny a certificate of appealability.

4